UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANNY JOE BARBER, III,

    Plaintiff,

  v.

WASHINGTON STATE, et al.,

    Defendants.

Case No. C26-5321-BHS-SKV

REPORT AND RECOMMENDATION

<u>INTRODUCTION</u>

Plaintiff, who is currently incarcerated at Kitsap County Jail, filed a proposed 42 U.S.C. § 1983 complaint and an application to proceed *in forma pauperis* (IFP). Dkt. 5. The Court concludes Plaintiff has incurred at least three "strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. Accordingly, the Court recommends that Plaintiff's application to proceed IFP, *id*., be denied, and that Plaintiff be directed to pay the filing fee within thirty days of the order adopting this Report and Recommendation. The Court further recommends that this matter be dismissed without prejudice if Plaintiff fails to pay the filing fee.

/ / /

REPORT AND RECOMMENDATION - 1

BACKGROUND

Plaintiff filed a proposed complaint naming Washington State, Department of Social and Health Services (DSHS)/Behavioral Health & Treatment Center (BHTC) Steilacoom Unit (SU), DSHS-BHTC-SU Program Director Byron Lockridge, DSHS-BHTC-SU Clinical Director Carol Woods, Social Worker Jen Shall Jenkins, and Psychology Associate Carlos Lozoya as Defendants. *See* Dkt. 5-1. He alleges Defendants violated his Fourth and Fourteenth Amendment rights by failing to secure and illegally seizing his legal mail and evidence, and seeks $16 million in damages. *See id*. at 5, 9.

DISCUSSION

Pursuant to the Prison Litigation Reform Act (PLRA), "prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule[.]" *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). The "three-strikes rule" contained in the PLRA states:

> In no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1]

The Court's records show Plaintiff has filed numerous lawsuits. At least four of those prior matters, which were filed while Plaintiff was incarcerated, were dismissed for failure to

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

REPORT AND RECOMMENDATION - 2

state a claim upon which relief may be granted, and the dismissals were deemed "strikes" under Section 1915(g):

- *Barber v. Bremerton Police Department*, C24-5618-BHS-DWC, Dkts. 9-10;

- *Barber v. Thimons*, C24-5723-TMC-DWC, Dkts. 5-6;

- *Barber v. Bremerton Police Department*, C24-5725-RAJ-MLP, Dkts. 8 & 10;

- *Barber v. Walker*, C24-5861-RAJ-MLP, Dkts. 9 & 11.

Plaintiff has therefore incurred at least three strikes pursuant to Section 1915(g).

Because he has incurred at least three strikes, Plaintiff is barred from proceeding IFP unless he shows he was "under imminent danger of serious physical injury" at the time he signed his civil rights complaint. *See* 28 U.S.C. § 1915(g); *Andrews*, 493 F.3d at 1053 ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). Plaintiff does not make such a showing. He does not allege he is in imminent danger of serious physical injury. *See* Dkt. 5-1. Nor is there any suggestion of such an allegation in the proposed complaint, which raises claims related to an alleged deprivation of his property during his detention at a different facility. *See id*. Plaintiff is therefore ineligible to file this lawsuit in federal court without paying $402.00 ($350.00 filing fee plus $52.00 administrative fee). *See* 28 U.S.C. § 1915(g).

CONCLUSION

The Court recommends Plaintiff's IFP application, Dkt. 5, be DENIED based on the three-strikes rule of 28 U.S.C. § 1915(g). The Court further recommends Plaintiff be required, within **thirty (30) days** of issuance of the order adopting this Report and Recommendation, to pay the $402.00 filing fee in order to proceed with his complaint, and that this case be dismissed without prejudice if he fails to do so. A proposed order accompanies this Report and

REPORT AND RECOMMENDATION - 3

Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed.  Responses to objections may be filed by **the day before the noting date**.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 13, 2026**.

Dated this 22nd day of April, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4